18294.   MARTIN-HOLLAND COMPANY v. WILLINGHAM.

BLOODWORTH, J.   Under the evidence as shown by the record, the court properly granted a nonsuit.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED JULY 26, 1927.

Complaint; from city court of Decatur—Judge Guess.   May 19, 1927.

*Taylor Smith, Thomas E. McLemore,* for plaintiff.
*Bryan & Middlebrooks,* for defendant.

Appeal and Error, 4 C. J. p. 902, n. 12.

---

18295.   BACON, executor, v. BACON.

BROYLES, C. J.   1. An application by a widow for a year's support does not necessarily have to be filed within twelve months after her husband's death.   See, in this connection, *Reynolds* v. *Norvell,* 129 *Ga.* 512 (59 S. E. 299); *Riddle* v. *Shoupe,* 147 *Ga.* 387 (94 S. E. 236).

2. Section 4362 of the Civil Code of 1910, providing that "All actions upon open account, or for the breach of any contract not under the hand of the party sought to be charged, or upon any implied assumpsit or undertaking, shall be brought within four years after the right of action accrues," does not apply to a widow's application for a year's support.   The right to a year's support is not an open account, nor is it based upon a contract, or an implied assumpsit or undertaking. Nor is it a *debt* of the estate, within the usual and ordinary meaning of the word "debt."   It is "a special provision allowed by law, in preference to any liens or debts held by creditors."   *Barron* v. *Burney,* 38 *Ga.* 264 (2); *McNair* v. *Brown,* 139 *Ga.* 71, 74 (76 S. E. 575). See also, in this connection, *State* v. *Southwestern Railroad,* 70 *Ga.* 13 (8), 33.

3. In the instant case the caveat and objection filed to the application for the year's support and the return of the appraisers thereon failed to show that the application was filed too late under the law, or that the right to the year's support was barred by the statute of limitations, and the court properly so held by its judgment in sustaining certain grounds of the demurrer interposed.   No error appears in any of the other rulings upon the demurrer or the pleadings.

4. A ground of the motion for a new trial is as follows: "It is respectfully submitted that his Honor erred in overruling the motion of counsel for caveator, giving them the right to open and conclude in the argument.   Caveator contends that this was a substantial right

Appeal and Error, 3 C. J. p. 967, n. 40 New.
Executors and Administrators, 24 C. J. p. 239, n. 9; p. 264, n. 39.
Limitation of Actions, 37 C. J. p. 747, n. 85; p. 769, n. 70.